# United States Tax Court

T.C. Memo. 2022-27

EDGARDO L. VILLANUEVA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19781-18.                               Filed March 31, 2022.

————

Edgardo L. Villanueva, pro se.

*Eric M. Beatty*, *Jay D. Adams*, and *Sarah E. Sexton Martinez*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, *Judge*: Respondent determined deficiencies against petitioner for 2013 and 2014 of $61,832 and $90,408, respectively, and a section 6662(a) accuracy-related penalty and a section 6651(a)(1) addition to tax for failure to timely file a return for each year.[1] After concessions, the sole issue for decision is whether petitioner is entitled to a net operating loss (NOL) deduction for 2013.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

Petitioner resided in Illinois when he timely filed his Petition. Petitioner had his 2013 tax return prepared by an enrolled agent, who also assisted petitioner with the audit of his 2013 and 2014 tax returns.

Petitioner reported a loss of $112,357 on Form 4797, Sales of Business Property, attached to his 2013 return, from the disposition of a condominium in Newport Beach, California (condo). On Form 4797, petitioner reported the date of loss as August 5, 2013. However, a mortgage lender had foreclosed on the condo in May 2009, and petitioner lost possession of the condo on that date. During early 2009 petitioner attempted to rent the condo using the services of rental companies to facilitate the rental and to collect payment. Respondent disallowed the $112,357 loss in full.

During the course of the audit petitioner's return preparer prepared amended returns for 2009 through 2013. The 2009 amended return was not filed. It reported the disposition of the condo for a loss of $87,283.

OPINION

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to any deductions claimed. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). Taxpayers must substantiate deductions by keeping and producing adequate records that enable the Commissioner to determine the correct tax liability. § 6001; *Roberts v. Commissioner*, 62 T.C. 834, 836 (1974).

Taxpayers are entitled to deduct losses sustained during the taxable year that were not compensated for by insurance or otherwise. § 165(a). Regulations under section 165 provide that a loss is treated as sustained during the taxable year in which the loss occurs as evidenced by a closed and completed transaction and fixed by identifiable events occurring in such taxable year. Treas. Reg. § 1.165-1(d)(1). A foreclosure sale normally constitutes a disposition of property from which the mortgagor may realize gain or loss for purposes of section 1001(a). *See Helvering v. Hammel*, 311 U.S. 504 (1941). A loss resulting from a foreclosure sale is typically sustained in the year in which the property is disposed of and the debt is discharged from the proceeds of the foreclosure sale. *Eisenberg v. Commissioner*, 78 T.C. 336, 344 (1982).

**[\*3]**    Petitioner concedes that he sustained the loss in 2009 when the foreclosure occurred. Accordingly, the deduction, if allowable, would have been for 2009, and the issue that we must resolve is whether petitioner is entitled to carry forward any portion of that loss to 2013. In general, a taxpayer is entitled to deduct, as an NOL for a taxable year, an amount equal to the sum of the NOL carryovers and carrybacks to that year. § 172(a). An NOL generally must be carried back 2 years and then carried forward 20 years. § 172(b)(1)(A).

The taxpayer bears the burden of establishing both the existence of the NOL and the amount that may be carried forward to the year at issue. Rule 142(a); *see Keith v. Commissioner,* 115 T.C. 605, 621 (2000). As part of this proof, the taxpayer must establish that the NOL was not fully absorbed in the years preceding the particular year for which he seeks the NOL deduction. § 172(b)(2), (c); *Deutsch v. Commissioner,* T.C. Memo. 2012-318, at \*14. A taxpayer claiming an NOL deduction must file with his return "a concise statement setting forth the amount of the [NOL] deduction claimed and all material and pertinent facts relative thereto, including a detailed schedule showing the computation of the [NOL] deduction." Treas. Reg. § 1.172-1(c).

The parties focused on the issue of whether petitioner rented the condo and engaged in a trade or business or had a profit motive with respect to the condo rental. *See Lender Mgmt., LLC v. Commissioner*, T.C. Memo. 2017-246, at \*24. However, petitioner has not established that he is entitled to an NOL deduction for 2013 regardless of whether he engaged in such a trade or business or had a profit motive.

The 2009 amended return was not filed, and petitioner did not claim a loss for 2009 that can be carried forward.[2] He incorrectly reported the disposition of the condo as occurring in 2013 and did not claim an NOL deduction on his 2013 return. The 2013 return reported what he now acknowledges were an incorrect sale price, adjusted basis, and loss amount from the disposition, and thus such information does not constitute a concise statement of material and relevant facts or a detailed schedule of how he computed the NOL. The record also

---

[2] He incorrectly reported the disposition of the condo as occurring in 2013 and reported what he now acknowledges were an incorrect sale price, adjusted basis, and loss amount from the disposition. Respondent objects to admission of the 2009 and 2010 amended returns into evidence and also objects to the admission of documents that petitioner proffered to substantiate the rental activity. We overrule respondent's objections.

**[\*4]** indicates that petitioner's loss on the disposition was less than the amount he now claims.

The documentation he provided to the Court, including the 2009 and 2010 unfiled, amended returns, lacks sufficient information to establish that petitioner is entitled to an NOL deduction for 2013. Significant for resolution of this case, even if he had a loss on the foreclosure, petitioner has not established that the carryover amount was not absorbed before 2013. *See Evans v. Commissioner*, T.C. Memo. 2016-7 (holding that the NOL deduction was not substantiated because the taxpayer failed to establish that a loss remained to be carried forward to the year at issue).

Petitioner did not establish that he had a loss for 2009 that could be carried forward to 2013. He is not entitled to an NOL deduction for 2013. Accordingly, we sustain respondent's determination that petitioner is not entitled to the loss deduction of $112,357 claimed on his 2013 return.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*